NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MICHAEL J. CLAUSO, | : | |
| | : | CIV. NO. 20-7056 (RMB-JS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CORR. OFFICER, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Michael J. Clauso, a prisoner incarcerated in Northern State Prison in Newark, New Jersey, filed this civil rights action on June 9, 2020. (Compl., Dkt. No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (IFP App., Dkt. No. 1-1), which establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted.

Plaintiff subsequently filed two letter requests seeking to merge this civil action with another action he filed on June 9, 2020, Clauso v. Corr. Off. Moralez, NSP, Civ. Action No. 20-7054(ES-MAH). (Letters, Dkt. Nos. 3, 4.) Plaintiff has sued different defendants in the two actions he initiated in the District of New Jersey and the claims are related only by the fact that Plaintiff alleges violation of his constitutional rights by prison officials at different prisons within the New Jersey

Department of Corrections. Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and "any question of law or fact common to all defendants will arise in the action." Upon review of Plaintiff's complaint in Civil Action No. 20-7054, he does not meet the Rule 20(a)(2) requirements for joinder of defendants in this matter.

For the reasons discussed below, the Court will dismiss the complaint without prejudice upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c).

I. *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

2

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

3


a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

    A.  The Complaint

The complaint arises out of an injury Plaintiff suffered on August 6, 2018, while riding in a New Jersey Department of Corrections transport van between Mid-State Correctional Facility in Wrightstown, New Jersey and Garden State Youth Correctional Facility in Yardville, New Jersey. (Compl., Dkt. No. 1.) Plaintiff alleges that he was riding in the back of the transport van while handcuffed and his legs shackled. He alleges that the driver of the van, at the direction of a senior corrections officer, was driving recklessly during rush hour and slammed on the breaks driving around the bend of the road, which caused Plaintiff to fall to the floor, hit his head on the plexiglass petition and contort his neck. Plaintiff felt a sharp pain his spine and shoulder blade. He further alleges that Sergeant Clemens at Garden State Youth Correctional Facility refused to send Plaintiff to St. Francis for medical treatment. He alleges that his head wound bled for sixteen hours.

Plaintiff acknowledges that he received medical treatment including x-rays, MRIs, pain medication and physical therapy. He states that a steroid injection was recommended but it is a high risk surgery that might be ineffective, and a doctor has advised him against it. Plaintiff claims that if he had received medical treatment sooner, he might not have the permanent injury he now suffers. The defendants are the unidentified driver of the transport van, employed by Mid-State Correctional Facility; the unidentified senior corrections officer who was in the transport van and is employed by Mid-State Correctional Facility; Sergeant Clemens at Garden State Youth Correctional Facility; and Dr. Mya at Garden State Youth Correctional Facility, who was the first doctor to treat Plaintiff after the accident.

B.   <u>Section 1983 Claims</u>

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

        1.    Eighth Amendment Failure to Protect Inmate Safety

"To establish a failure-to-protect claim, inmates must demonstrate that (1) they are 'incarcerated under conditions posing a substantial risk of serious harm'; and (2) the prison official acted with 'deliberate indifference' to their health and safety." Evans v. Cameron, 442 F. App'x 704, 706 (3d Cir. 2011) (per curiam) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The deliberate indifference standard is met only if the official was actually aware of the existence of an excessive risk. Id. (citing Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001)).

Plaintiff's allegation that the driver of the transport van was driving recklessly at the direction of a senior officer fails to state a deliberate indifference claim because it does not explain what the senior officer directed the driver to do or how that action was reckless. The term "reckless," in this context, is a legal conclusion that is not entitled to the assumption of truth.

Moreover, the allegations in the complaint do not explain how the senior officer and the driver were aware that the action the driver was directed to take would put Plaintiff at a substantial risk of serious harm. The Court will deny this claim without prejudice.

2.   Eighth Amendment Inadequate Medical Care

Plaintiff brings Eighth Amendment claims against Sergeant Clemens for failing to send him to Saint Francis for medical care after the accident in the transport van on August 6, 2018 and against Dr. Mya for delay in providing medical treatment for his injuries from the August 6, 2018 accident. To state an Eighth Amendment claim against Sergeant Clemens, presumably a non-medical prison official, Plaintiff must allege facts establishing that Clemens had a reason to believe that prison doctors or their assistants were not treating or were mistreating Plaintiff. See e.g. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). "If a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill, 372 F.3d at 236. Plaintiff alleges that his head wound bled for many hours but he does not allege that Sergeant Clemens knew that Dr. Mya was not treating his head wound or that the treatment was delayed for non-medical reasons. The Court will dismiss this claim without prejudice.

Deliberate indifference by a medical professional to an inmate's serious medical need may constitute an Eighth Amendment violation when "'necessary medical treatment [i]s ... delayed for non-medical reasons[.]'" Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993) (quoting Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted)). "[M]ere disagreements over medical judgment do not state Eighth Amendment claims.'" Id. at 70 (quoting White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)).

Plaintiff acknowledges that he was evaluated and treated with x-rays, MRIs, pain medication and physical therapy. His speculative allegation that some sort of treatment provided sooner would have led to a better result fails to state an Eighth Amendment claim against Dr. Mya at Garden State Youth Correctional Facility. The Court will dismiss this claim without prejudice.

C.  New Jersey Tort Claims

Assuming Plaintiff is attempting to bring a New Jersey medical malpractice claim against Dr. Mya,[1] he has failed to allege any

---

[1] Plaintiff attached to his complaint a copy of a notice of claim for damages filed with the New Jersey Department of Treasury, Tort and Contract Unit, Claim Service Section, for medical malpractice in relation to the injury he suffered on August 6, 2018. The notice, however, appears to be directed at medical personnel at Northern State Prison, not Dr. Mya at Garden State Youth Correctional Facility. (Ex., Dkt. No. 1-2 at 7-8.)

8

facts that establish Dr. Mya breached the standard of care with respect to a particular treatment or evaluation that she provided or failed to provide. See Scott v. Manenti, 781 F. App'x 65, 69 (3d Cir. 2019) (per curiam) (stating elements of New Jersey medical malpractice claim include the applicable standard of care, a deviation from that standard of care and that the deviation proximately caused the injury.)

For his negligence claim against the driver of the New Jersey Department of Corrections transport van,[2] Plaintiff alleges the driver was reckless and that he had to hit the brakes hard when coming around a bend. Plaintiff does not explain how the driver was reckless. For example, Plaintiff does allege that the driver was exceeding the speed limit or not paying attention to the road. Without additional facts, Plaintiff fails to allege how the driver breached the duty he owed to Plaintiff. See Davis v. Brickman Landscaping, Ltd., 98 A.3d 1173, 1178-79 (N.J. 2014) ("[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages") (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 59 A.3d 561 (N.J. 2013)).

---

[2] Plaintiff attached to the complaint a copy of his notice of tort claim against the driver, which is dated October 22, 2018. (Ex., Dkt. No. 1-2 at 1-2.)

Moreover, because the Court will dismiss Plaintiff's § 1983 claims without prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(a), (c). Alternatively, the Court would dismiss the negligence claims without prejudice for failure to state a claim.

III. CONCLUSION

The Court will dismiss the complaint without prejudice for failure to state a claim.

An appropriate Order follows.


DATE:   September 15, 2020

            <u>s/Renée Marie Bumb</u>
            **RENÉE MARIE BUMB**
            **United States District Judge**