UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL J. CLAUSO, | : |
| Plaintiff | : CIV. NO. 20-7056 (RMB-JS) |
| v. | : **ORDER** |
| CORR. OFFICER, *et al.*, | : |
| Defendants | : |

For the reasons set forth in the accompanying Opinion,

**IT IS** therefore on this **15th day of September 2020**,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (Dkt. No. 1-1) is **GRANTED**; Plaintiff's letter requests to join cases are **DENIED** (Dkt Nos. 2, 3) and it is further

**ORDERED** that the complaint (Dkt. No. 1) shall be filed but summons shall not issue; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Warden of Northern State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless

of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to Bruce v. Samuels, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with Bruce, until the $350.00 filing fee is

2

paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B); § 1915A(b) and 42 U.S.C. § 1997e(c)(1), the § 1983 claims are dismissed without prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiff's New Jersey tort claims; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter; administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriffs Dept., 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

**ORDERED** that if Plaintiff can allege additional facts that state a claim for relief, he shall, within 30 days of the date of entry of this Order, notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, Plaintiff's writing shall include an amended complaint that cures the

deficiencies in the complaint, which are described in the accompanying Opinion; the Court will then reopen this matter; and it is further

**ORDERED** that if Plaintiff does not submit an amended complaint within 30 days of the date of this Order, this matter is dismissed and will remain closed. Although Plaintiff may later file a new action, any new action will be subject to a new filing fee or IFP application, and will be subject to the appropriate statute(s) of limitations at the time of filing; see Bricker v. Turner, 396 F. App'x 804, 804 n. 1 (per curiam) (3d Cir. 2010) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order and the accompanying Opinion via regular mail.

                                                  s/Renée Marie Bumb
                                                  **RENÉE MARIE BUMB**
                                                  **United States District Judge**